The Honorable David Bisbee State Senator 14068 Pyramid Drive Rogers, Arkansas 72738-0116
Dear Senator Bisbee:
This is in response to your request, on behalf of the Springdale City Attorney, for an opinion on the calculation of salary as it pertains to the pension benefits of firefighters under A.C.A. §§ 24-11-801 to -832 (Repl. 1996). Specifically, you have enclosed a letter with your request which indicates the following facts and poses the following two questions:
 The first issue involves sick leave bonus pay. The City of Springdale has a sick leave bonus plan, whereby if you are an eligible employee and miss less than a certain number of days, an annual sick leave bonus is paid in December. Should this money paid under the sick leave bonus plan be considered compensation for purposes of pension?
 The second issue involves another type bonus. The City of Springdale, pursuant to their compensation plan, allows for a merit increase every other year, when an employee has been at the City for a certain period of time. During this year off, when you are not eligible for a merit increase (to a higher pay grade), you are eligible for a bonus. In other words, if you pass your performance assessment, and you would have received a pay increase had it not been the off year, you are instead given a bonus. Is this bonus considered salary for purposes of payment of pension?
RESPONSE
It is my opinion that neither of the bonuses described should be included in the "salary" of a firefighter for purposes of deducting, matching, or computing the pension benefits of firefighters.
Question 1 — Should the money paid under the sick leave bonus plan beconsidered compensation for purposes of pension?
There are three ways the salary of a firefighter is relevant to pension benefits. First, the firefighter signs a statement authorizing the board of trustees of a local pension fund to deduct not less than 6% from his "salary" for pension purposes. A.C.A. § 24-11-816(a)(2) (Repl. 1996). Second, the municipality in which a firemen's pension and relief fund is established shall contribute to the firemen's pension and relief fund an amount "not less than six percent 6% of the fire fighter's salary." A.C.A. § 24-11-816(a)(4)(A) (Repl. 1996). Finally, firefighters with the requisite years of service may retire and receive a pension equal to one-half of the "salary" attached to the rank held. A.C.A. §24-11-818(a)(2) (Repl. 1996). The last statute cited, A.C.A. 24-11-818, defines salary as:
 . . . recurring pays which are received for the fire fighter's regularly scheduled workweek and shall not include, except as otherwise provided in subdivision (a)(1)(B) of this section, payments for unused accrued sick leave or annual leave or the cash value of any nonrecurring or unusual remunerations.[1]
Although this last-cited statute defines "salary" for the purposes of computing benefits under A.C.A. § 24-11-818, it is clear from the 1987 act which added this language that the definition was also intended to govern with regard to deductions from salary under A.C.A. §24-11-816(a)(2). See Acts 1987, No. 389, (Title), and Op. Att'y Gen.92-265. It is reasonable, in light of this fact, in my opinion, to extend this definition to the amount the city must contribute under A.C.A.24-11-816(a)(4).
The first question posed by your request is whether the sick leave bonus plan described above should be included as "compensation for purposes of pension." I should point out initially that the relevant statutes use the word "salary" rather than "compensation." Additionally, I assume that the "sick leave bonus plan" described in the letter attached with your request is not actually a payment for unused accrued sick leave, as is authorized by A.C.A. § 24-11-818 (a)(1)(B), but is rather, a separate payment or "bonus" paid to firefighters who do not use and therefore retain their accumulated sick leave. In my opinion this type of payment should not be included as salary for purposes of pension benefits. The relevant statute includes as salary "recurring pays which are received for the firefighter's regularly scheduled work week," and excludes "the cash value of any nonrecurring or unusual remunerations." A.C.A. §24-11-818(a)(1)(A). The sick leave bonus might "recur" with respect to those firefighters who routinely do not use sick leave. In my opinion, however, the contingent nature of the sick leave bonus militates against its inclusion as "salary." In my opinion this bonus is not a "recurring pay . . . received for the firefighter's regularly scheduled work week," but is rather an "unusual remuneration." It is therefore my opinion that the answer to your first question is "no."
Question 2 — Is the bonus given every other year in lieu of a meritincrease in salary to be considered "salary" for purposes of payment ofpension?
In my opinion, the bonus at issue in your second question presents a closer question of law than the one analyzed above. This bonus is contingent only on the firefighter passing the performance assessment. Assuming such fact, the bonus recurs, at least every other year. It is not "unusual" in this sense. It is simply a one-time lump sum payment, rather than a permanent increase in the firefighter's rate of pay. It is unclear whether it is "received for the fire fighter's regularly scheduled workweek," however. Additional facts might shed light on that question. There is no Arkansas case on point, but the courts of other jurisdictions also place emphasis on whether the payment represents a substantial percentage of the participant's total salary, and whether the employer is contractually obligated to make the payments. See, e.g.,Beardsley v. State Employees' Retirement Board, 691 A.2d 1016 (Penn. 1997). Again, additional facts might bear upon these questions.
In my opinion, however, "bonus" payments of this type do not fall within the statutory and regulatory definitions of "salary." The relevant statute includes "recurring pays" "received for the firefighter's regularly scheduled workweek." A.C.A. § 24-11-818(a)(1)(A). It does not include "payments for unused accrued sick leave or the cash value of any nonrecurring or unusual remunerations." Reading this statute as a whole, I cannot conclude that the biennial bonus payments described in your request were within the contemplation of the legislature when it passed the statute. An interpretation to this effect, in my opinion, would require an amendment to the statute. In my opinion, therefore, the answer to your second question is also "no."
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Subsection (a)(1)(B) authorizes unused accrued sick leave to be included in "salary," not to exceed ninety days, provided the city agrees, by ordinance, to make adequate contributions to the fund, and the fund is judged actuarially sound.